# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | |
|---|---|
| MARLON LEWIS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 13-1194-CV-W-BP-P |
| JAY CASSADY, | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner filed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2010 conviction and sentence for robbery in the first degree, which was entered in the Circuit Court of Boone County, Missouri. Petitioner raises four (4) grounds for relief: (1) the trial court erred in allowing two counts of robbery to be tried together; (2) the trial court erred in failing to instruct the jury to disregard a portion of testimony containing hearsay; (3) trial counsel was ineffective for failing to file a motion to sever the two counts of robbery or object to the indictment based on improper joinder; and (4) trial counsel was ineffective for failing to file a motion in limine to exclude or failing to object to testimony containing opinion as to an ultimate jury issue. Doc. No. 1. Respondent contends that Grounds 1 - 3 are without merit and that Ground 4 is procedurally defaulted.

## FACTUAL BACKGROUND

In affirming the judgment of conviction and sentence of the state circuit court, the Missouri Court of Appeals, Western District, set forth the following facts:

> [Petitioner] was charged as a prior and persistent offender in a substitute information with two counts of robbery in the first degree, section 569.020. The

first count charged [petitioner] with committing a robbery on May 19, 2009, and the second count charged him with committing a robbery on May 13, 2009. Defense counsel did not object to the State's substitute information.

At trial, Steven Schrader testified regarding the May 19 robbery. He testified that he was driving through Columbia, Missouri, when he decided to stop at a Break Time gas station to use the restroom. Schrader went inside the store to get a key to the restroom. Schrader waited in line behind a man who was buying a bottle of beer. Schrader then got the key from the store clerk and went to the restroom, which was located outside the store.

Immediately after Schrader went into the restroom, someone forced the door open, pointed a gun at Schrader and yelled, "Give it up!" Schrader handed the man approximately eighty-five dollar, and the man ran off. Schrader testified that he had seen the face of the man and recognized him as the individual who had bought a beer in the store earlier. At trial, Schrader identified [petitioner] as the man who had robbed him.

Justin Hall, who was working at Break Time that night, also testified regarding the robbery. After Schrader and the man buying the beer had left the store, Hall went outside to sweep up some trash in the parking lot. He heard a male voice yelling from the bathroom, "Give it up!" Hall walked to the bathroom to see what was happening, and a man with a gun in one hand and a bottle of beer in the other hand ran past him. Hall saw the man's face and recognized him as the man who had bought a beer in the store. At trial, Hall identified Lewis as the man he saw running from the bathroom.

A detective from the Columbia Police Department testified that he had received an anonymous tip that [petitioner] was the person that had committed the robbery at the Break Time. Defense counsel did not object to this testimony. The detective then stated that he obtained a photograph of Lewis from the Department of Revenue and compared it to footage from a surveillance video taken inside the Break Time. The detective determined that [petitioner] was the man inside the store. The detective found [petitioner]'s address and arrested him later that day. [Petitioner] admitted that he had bought a beer at the Break Time but denied any involvement in the robbery.

The State also presented evidence regarding the robbery that occurred on May 13, 2009. That robbery occurred in the Show Me Dollar Store in Columbia, Missouri. The victim testified that [petitioner] was the robber but stated that he was eighty or ninety percent confident in his identification and that there was a chance he could be wrong.

The jury found [petitioner] guilty of robbing Schrader on May 19, 2009 at the Break Time gas station. The jury acquitted Lewis of the second count, which

charged him with the robbery that took place at the Show Me Dollar Store on May 13, 2009. The court sentenced [petitioner] as a prior and persistent offender to twenty-two years of imprisonment.

Respondent's Exhibit A, pp. 3-4.

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc), cert. denied, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## GROUND ONE

In Ground One, petitioner claims that the trial court erred in allowing two counts of robbery to be tried together. The Missouri Court of Appeals, Western District, denied Ground One as follows:

> In his first point on appeal, [petitioner] contends that the trial court plainly erred in permitting the State to join two unrelated robberies in one proceeding. [Petitioner] contends that joinder was improper and that he was substantially prejudiced in that the jurors were likely to consider inadmissible propensity evidence, which created a greater probability that he would be convicted on at least one count.

---

[1] In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

>       This court considered an identical claim in State v. Shubert, 747 S.W.2d 165 (Mo. App. W.D. 1988). In Shubert, the defendant asserted that the trial court erred in allowing unrelated charges of burglary and stealing to be joined in a single information. Id. at 167. This court noted that defendant's claim was problematic because there was no ruling by the trial court which "allowed" the counts to be tried together – defense counsel did not object to the information, did not file a motion to sever, and did not present the claim of error in a new trial motion. Id. Therefore, this court found that the defendant had waived his right to object regarding the allegedly defective information and only addressed the defendant's claim of plain error in the context of his entitlement to severance of the counts. Id. at 168
>
>       As to the issue of severance, this court found that because the defendant failed to file a motion requesting severance, the defendant could only contend that the trial court should have acted sua sponte to afford him separate trials. Id. at 169. However, a trial court has an obligation to try multiple offenses together when they are charged in a single information unless the defendant filed a motion for severance. Id. (finding that "[a] court which undertook sua sponte to sever jointly charged offenses would be in direct violation of . . . statute). Therefore, where no motion for severance was filed, the trial court was required to try all the offenses in a single trial and could not be charged with error for doing what the statute required. Id at 169-70.
>
>       The circumstances of this case are identical to those in Shubert. Defense counsel failed to object to joinder of the offenses or file a motion for severance. Where the statute requires the trial court to try the offenses together in the absence of a motion for severance by either party, the trial court did not commit error in permitting the offenses to be tried together. Therefore, [petitioner]'s claim of plain error fails, and his first point is denied.

Respondent's Exhibit A, pp. 5-6.

"To obtain habeas relief for failure to sever, [petitioner] must show that the failure to grant severance rendered the trial fundamentally unfair." Wharton-El v. Nix, 38 F. 3d 372, 374 (8th Cir. 1994) (internal quotations omitted). "[T]he decision to join offenses in a single trial is a matter within the discretion of the trial judge. . . and may not normally be disturbed on review." Robinson v. Wyrick, 735 F.2d 1091, 1094 (8th Cir. 1984), cert. denied, 469 U.S. 983 (1984).

The state appellate court's findings are presumed to be correct under 28 U.S.C. § 2254(e)(1). A federal court is bound by a state court's interpretation of state law in federal habeas

4

corpus proceedings unless petitioner's conviction violates the United States Constitution or federal law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Sweet v. Delo, 125 F.3d 1144, 1153 (8th Cir. 1997), cert. denied sub nom. Sweet v. Bowersox, 523 U.S. 1010 (1998). In Missouri, severance of multiple counts is governed by Mo. Rev. Stat. § 545.885.2 and Mo. Sup. Ct. R. 24.07, which provide for severance upon a particularized showing of substantial prejudice. Substantial prejudice is defined as "a bias or discrimination against the defendant or the state which is actually existing or real and not one which is merely imaginary, illusionary or nominal." Section 545.855.2.

Petitioner did not file a motion for severance and did not make a particularized showing of substantial prejudice. Moreover, the motion court found that the two offenses were properly joined because the two robberies occurred on the same street within a mile of each other, within a few days of each other, and involved a single black male with a handgun robbing either a customer or a clerk in a business. Respondent's Exhibit B, p. 53.

Deferring to the state court's application of state law and given the trial court's cautionary instruction to the jury to consider each offense separately, see Respondent's Exhibit F, p. 16, petitioner has failed to demonstrate that his trial was fundamentally unfair because the trial court failed to sever the counts. Petitioner has failed to show that the Missouri Court of Appeals' decision as to Ground One "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," see 28 U.C.S. § 2254(d)(1) and (2). Ground One will be denied.

## GROUND TWO

In Ground Two, petitioner claims that the trial court erred in failing to instruct the jury to

5

disregard a portion of testimony containing hearsay. The Court of Appeals denied Ground Two as follows:

> In his second point on appeal, [petitioner] contends that the trial court plainly erred in failing to sua sponte instruct the jury to disregard the testimony of the detective who stated that he received an anonymous tip that [petitioner] robbed the Break Time. [Petitioner] claims that the evidence was inadmissible hearsay.
>
> A hearsay statement is an out-of-court statement used to prove the truth of the matter asserted. State v. Douglas, 131 S.W.3d 818, 823 (Mo. App. W.D. 2004). However, if the out-of-court statement is not offered for the truth of the matter asserted, it is not hearsay. Id. For instance, "an out-of-court statement offered not for the truth of the matter asserted, but to explain subsequent police conduct, is not hearsay and is, therefore, admissible," so long as it is relevant and does not go beyond what is necessary to explain the conduct. See id. at 824. Out-of-court statements that explain subsequent police conduct are admissible for the purpose of showing why an investigation focused on a defendant. State v. Howard, 913 S.W.2d 68, 70 (Mo. App. E.D. 1995).
>
> At trial, the prosecutor asked the detective if he developed a suspect for the Break Time robbery. The detective responded that he had, and the prosecutor asked how he came upon the suspect. The detective testified that he "received anonymous information that [petitioner] was the person that robbed the Break Time." [Petitioner] asserts that this was inadmissible hearsay. However, in the context of the rest of the detective's testimony, it is clear that the statement was not offered as evidence that [petitioner] was the robber, but was offered to explain why the detective's investigation focused on [petitioner].
>
> The detective testified that after receiving the tip, he obtained a photograph of [petitioner] from the Department of Revenue and compared it to surveillance video taken at the Break Time on May 19. The detective believed that the individual in the Break Time surveillance video was [petitioner] and began looking for a location for [petitioner]. The detective located an address, found [petitioner] at that address, and arrested him for the robbery. Thus, the testimony regarding the tip was offered to explain how [petitioner] became a suspect and to explain the detective's subsequent conduct. See, E.g. State v. Allison, 326 S.W.3d 81, 90 (Mo. App. W.D. 2010) (finding that a detective's testimony regarding a conversation with an informant was not offered to prove that the defendant tried to sell drugs to the informant, but was instead offered to explain subsequent police conduct). The statement was not inadmissible hearsay, and the trial court did not commit error in failing to instruct the jury to disregard the testimony. [Petitioner]'s second point is denied.

6

Respondent's Exhibit A, pp. 6-7.

State trial courts are afforded wide discretion with evidentiary rulings. "Questions regarding admissibility of evidence are matters of state law, and they are reviewed in federal habeas inquiries only to determine whether an alleged error infringes upon a specific constitutional protection or is so prejudicial as to be a denial of due process." Rousan v. Roper, 436 F.3d 951, 958 (8th Cir. 2006) (citation and internal quotations omitted), cert. denied, 549 U.S. 835 (2006); see also Bell-Bey v. Roper, 499 F.3d 752, 759 (8th Cir. 2007), cert. denied, 128 S. Ct. 2426 (2008).

"The exclusion [or admission] of [evidence] based on state evidentiary rules results in the denial of due process only if there was an impropriety so egregious that it made the entire proceeding fundamentally unfair." Skillicorn v. Luebbers, 475 F.3d 965, 972 (8th Cir. 2007) (citation omitted), cert. denied sub nom. Skillicorn v. Roper, 552 U.S. 923 (2007). "To meet this burden, a habeas petitioner must show that 'absent the alleged impropriety the verdict probably would have been different.'" Id. (quoting Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995) (rehearing denied)).

Petitioner fails to meet this standard. Even if Detective Jackson's statements regarding the anonymous tip and conclusions that the Department of Revenue photo of petitioner resembled the robber in the surveillance video were excluded, the outcome of the case likely would not have been different due to the eye-witness testimony and surveillance video evidence. Moreover, trial counsel did not request relief from the court at the time the statements were made. Consequently, the record does not evince that the alleged errors were "so conspicuously bad that [they] fatally infected the trial and rendered it fundamentally unfair." Troupe v. Groose, 72 F.3d 75, 76 (8th Cir. 1995) (citing Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995)).

Ultimately, the Missouri Court of Appeals, Western District, found that the trial court was

not in error because the objectionable statements were not offered for the truth of the matter asserted but only to explain a course of police conduct. Resp. Ex. A. Moreover, the anonymous tip was corroborated during the police investigation that followed it and was presented at trial and subjected to cross-examination. Because the state court's determination was not based upon an "unreasonable determination of the facts in light of the evidence" or "an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1) and (2), petitioner's Ground Two will be denied.

## GROUND THREE

In Ground Three, petitioner claims trial counsel was ineffective for failing to file a motion to sever the counts of robbery or to object to the charging document. The Missouri Court of Appeals denied Ground Three as follows:

> In his sole point on appeal, [petitioner] claims that the motion court clearly erred in finding that trial counsel was not ineffective in failing to object to improper joinder and failing to file a motion to sever the two robbery charges. He contends that, had counsel objected to joinder or filed a motion to sever, the counts would have been tried separately and the outcome would have been different.
>
> "Our review of the motion court's denial of a Rule 29.15 motion is limited to determining whether the findings and conclusions of the motion court are clearly erroneous." Stiers v. State, 229 S.W.3d 257, 260 (Mo. App. W.D. 2007) (citing Rule 29.15(k)). "A judgment is clearly erroneous when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made." Storey v. State, 175 S.W.3d 116, 125 (Mo. banc 2005) (internal quotation omitted).
>
> "To prevail on an ineffective assistance of counsel claim, [petitioner] must show that (1) trial counsel's performance was deficient in that he failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) the deficient performance prejudiced [petitioner]." State v. Rich, 950 S.W.2d 337, 339 (Mo. App. W.D. 1997) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). "To establish ineffectiveness, a defendant must show that counsel's representation fell below an objective standard of reasonableness." Storey, 175

S.W.3d at 125. "We presume counsel to be competent, requiring proof to the contrary by a preponderance of the evidence." Storey, 229 S.W.3d at 260 (quoting State v. Taylor, 929 S.W.2d 209, 224 (Mo. banc 1996)). The claimant must "rebut the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Johnson v. State, 369 S.W.3d 87, 90 (Mo. App. W.D. 2012) (internal quotation omitted). "As to prejudice, a claimant must demonstrate prejudice by showing that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." James v. State, 222 S.W.3d 302, 304 (Mo. App. W.D. 2007) (internal quotation omitted). "Appellant must establish both the performance and prejudice prongs of this test in order to prevail on a claim of ineffective assistance, and if he fails to satisfy either prong, we need not consider the other." Id.

The court found that counsel had a reasonable strategic reason for not pursuing severance of the charges and that [petitioner] failed to demonstrate a reasonable likelihood that the outcome would have been any different had the charges been severed. "Whether to file a motion to sever is part of a counsel's trial strategy." Clay v. State, 310 S.W.3d 733, 737 (Mo. App. W.D. 2010) (internal quotation omitted). "Trial strategy generally does not constitute ineffective assistance of counsel and strategic choices made after a thorough investigation of the law and facts relevant to plausible opinions are virtually unchallengeable." Id. (internal quotation omitted). Counsel considered filing a motion to sever the counts, discussed the matter with her client, and decided to honor her client's wishes and proceed to trial on both counts. [Petitioner] has failed to demonstrate clear error on the part of the trial court in finding the decision not to pursue severance or to challenge joinder was objectively reasonable. Even if counsel had thought [petitioner]'s decision not to pursue severance was ill-advised, which she did not in this case, having informed her client of the options and her opinions related thereto, counsel cannot be deemed to be ineffective simply because she acceded to her client's wishes, "regardless of how mistaken counsel believes those wishes to be." State v. Holcomb, 956 S.W.2d 286, 296 (Mo. App. W.D. 1997) (quoting Guinan v. State, 769 S.W.2d 427, 429 (Mo. banc 1989)).

Furthermore, [petitioner] has failed to demonstrate prejudice. [Petitioner]'s theory that the jury might have applied evidence related to the May 13 count in determining his guilt on the May 19 [count] is entirely speculative. The evidence related to each of the charges was straightforward and easily distinguished. Even more speculative is [petitioner]'s assertion that he might possibly have decided to testify regarding one of the counts but not the other if the counts had been severed. Given his acquittal on the May 13 count and the overwhelming evidence of his guilt on the May 19 count, the motion court simply cannot be deemed to have clearly erred in concluding that [petitioner] failed to

9

>prove that there was a reasonable likelihood that the result would have been different if the counts had been se4vered. Point denied.

Respondent's Exhibit G, pp. 4-7.

In order for petitioner successfully to assert a claim for ineffective assistance of trial counsel, petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" and that "the deficient performance" actually prejudiced him. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). This Court, moreover, may not grant habeas relief unless the state appellate court's decision "was contrary to, or an unreasonable application of, the standard articulated by the [United States] Supreme Court in Strickland." Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999), cert. denied, 530 U.S. 1265 (2000).

"A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 131 S. Ct. 770, 787 (2011) (quoting Strickland, 466 U.S. at 689). Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.

Here, the state motion court found trial counsel's testimony credible that petitioner had requested that the two counts be tried together because he wanted to resolve the cases as quickly as possible and that counsel had honored his wishes because she believed that, regardless of whether the trials were separate, petitioner would not be harmed by the charges being tried together. The Missouri Court of Appeals, Western District, upheld the motion court's finding that petitioner's trial counsel made a reasonable decision to not file a motion to sever. Such strategic decisions are virtually unchallengeable, especially under 28 U.S.C. § 2254. Strickland, 466 U.S. at 690-91; Knowles v. Mirzayance, 129 S. Ct. 1411, 1420 (2009); see also Blackmon v. White, 825 F.2d 1263,

1265 (8th Cir. 1987) ("[T]he courts must resist the temptation to second-guess a lawyer's trial strategy; the lawyer makes choices based on the law as it appears at the time, the facts as disclosed in the proceedings to that point, and his best judgment as to the attitudes and sympathies of judge and jury.").

Given petitioner's acquittal on the one charge and the overwhelming evidence of petitioner's guilt on the other charge, petitioner has failed to prove that there was a reasonable likelihood that the result would have been different if the counts had been severed. Because the state court's determinations were not based upon "unreasonable determination[s] of the facts in light of the evidence" or misapplications of "clearly established Federal law," 28 U.S.C. § 2254(d)(1) and (2), Ground three will be denied.

## **GROUND FOUR**

In Ground Four, petitioner claims that he received ineffective assistance of counsel because trial counsel failed to file a motion in limine to exclude or failed to object to testimony containing opinion as to an ultimate jury issue. Respondent claims that petitioner's Ground Four is procedurally defaulted because petitioner failed to raise the ground on appeal from the denial of post-conviction relief (Resp. Ex. B, p. 33).

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "In order to present a habeas claim to the state court, a prisoner must 'fairly represent' not only the facts, but also the substance of his federal habeas corpus claim." Barrett v. Acevedo, 169 F.3d 1155 (8th Cir. 1999) (citing Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996), cert. denied, 517 U.S. 1215 (1996)), cert. denied, 528 U.S. 846 (1999). "If a

11

petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Sloan at 1381.

Although petitioner raised Ground Four in his amended Rule 29.15 motion (Resp. Ex. B, p.33), he failed to raise Ground Four on appeal from the denial of his Rule 29.15 motion (Resp. Ex. D, p. 12). As such, Ground Four is procedurally defaulted. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997) (recognizing that failure to present claims in the Missouri courts at any stage of direct appeal or post-conviction proceedings is a procedural default), cert. denied, 523 U.S. 1010 (1998).

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Petitioner contends that ineffective assistance of Rule 29.15 appellate counsel caused his state procedural default of Ground Four. Doc. No. 11, p. 9. Claims of ineffective assistance of counsel, however, must have been independently presented in a timely manner to the state courts in order to be used to show the alleged cause for state procedural default. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). Because petitioner failed properly to present the alleged ineffectiveness of Rule 29.15 appellate counsel concerning Ground Four to the state courts, he has failed to demonstrate legally sufficient cause for his default. Although the United States Supreme Court recognized that ineffective assistance of post-conviction counsel could constitute cause for the failure to raise a claim in a post-conviction motion in Martinez v. Ryan, 132 S. Ct. 1309 (2012), Martinez did not change the rule that ineffective assistance of post-conviction appellate counsel could not constitute cause for state procedural default unless it has been presented in the state

12

courts. Arnold v. Dormire, 675 F.3d 1082, 1087 (8th Cir. 2012).

Petitioner also has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. See Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006) (petitioner must present new evidence that affirmatively demonstrates that he is actually innocent of the crime for which he was convicted in order to fit within the fundamental miscarriage of justice exception), cert. denied, 549 U.S. 1036 (2006). As a result, Ground Four is procedurally defaulted and will be denied.

## A CERTIFICATE OF APPEALABILITY WILL BE DENIED

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) the issuance of a certificate of appealability is denied; and

(3) this case is dismissed with prejudice.

/s/ Beth Phillips
BETH PHILLIPS
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: April 22, 2014.             .